## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | 15-24090 |
| | ) | |
| DILISHA WORMELY, | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Hon. Judge BARNES |

### NOTICE OF MOTION

*To the following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Marilyn O. Marshall, Chapter 13 Trustee: barcall@chi13.com

*To the following persons or entities who have been served via U.S. Mail:*
See attached list.

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in their stead at **219 S. Dearborn Street, Chicago, IL 60604**, and in the following courtroom (or any other place posted), and present the attached **Motion to Vacate Dismissal**, at which time and place you may appear.

Judge: BARNES
Court: 744
Date: November 14, 2019
Time: 10:00 a.m.

### PROOF OF SERVICE

A copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, with sufficient postage prepaid, by Michael R. Colter, II, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

DATE OF SERVICE: October 28, 2019        /s/ Michael R. Colter, II
                                        Michael R. Colter, II, A.R.D.C. #6304675

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL 60090
847/520-8100

*To the following persons or entities who have been served via U.S. Mail:*

Dilisha Wormely
1037 Des Plaines Avenue, #608
Forest Park, IL 60130

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC 28272-1083

City Of Chicago Department of Revenue
c/o Arnold Scott Harris P.C.
111 W Jackson Blvd Ste 600
Chicago, IL 60604

Capital One Auto Finance c/o AIS
Portfolio Services, LP f/k/a AIS Data
Services d/b/a Ascension Capital Group
4515 N Santa Fe Ave Dept. APS
Oklahoma City Ok 73118

Navient
Dept. of Ed. Loan Services
P.O. Box 9635
Wilkes-Barre, PA 18773-9635

TD Bank USA, N.A.
c/o Weinstein & Riley, PS
2001 Western Ave, Ste 400
Seattle, WA 98121

Porania LLC
c/o Biltmore Asset Management
24500 Center Ridge Rd Ste 472
Westlake, OH 44145

FFD Payday
Williamson and Brown, LLC
P O Box 141419
Irving TX 75014-1419

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | 15-24090 |
| | ) | |
| **DILISHA WORMELY,** | ) | Chapter 13 |
| | ) | |
| Debtor(s). | ) | Hon. Judge BARNES |

## MOTION TO VACATE DISMISSAL

NOW COMES the Debtor, **DILISHA WORMELY**, by and through her attorneys, DAVID M. SIEGEL AND ASSOCIATES, LLC, to present this Motion, and in support thereof states as follows:

1) This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the U.S. District Court Northern District of Illinois Eastern Division.

2) On September 19, 2019, Chapter 13 Trustee Marilyn O. Marshall (Trustee) presented a motion to dismiss for failure to make plan payments. Debtor provided $400.00, in certified funds which posted September 24, 2019, and the motion to dismiss was continued to October 24, 2019. The October 24, date was set as a final date for either a Motion to Modify Plan or to fully cure the default.

3) Debtor was provided with court results on September 19, 2019. Debtor's attorney also asked for the contact information for debtor's payroll department. Debtor provided her payroll contact information within in an hour of the request (Exhibit A). The first payroll deduction of $250.00 posted with the trustee on October 15, 2019.

4) Debtor's counsel, Michael Colter, neglected to calendar the deadline for filing the motion to modify plan. Because of this error, Mr. Colter did not realize the need for the motion until the day before the second hearing on the motion to dismiss.

5) Debtor's counsel requested pay stubs from the debtor on October 23, 2019. Debtor responded promptly with two paystubs from September 28, and October 12, 2019.

6) Debtor's counsel filed a motion to modify plan on October 23, 2019. Debtor's counsel also received the approval of debtor's new budget and a signed declaration page on October 23. The amended schedules were then filed on October 28, 2019.

7) Debtor seeks to vacate dismissal of her case on the grounds of excusable neglect.

8) Debtor's inadvertent neglect to timely file a motion to modify plan was a mistake on the part of debtor's counsel. The court in *Pioneer Investment Services Co., v. Brunswick Associates Limited Partnership, et al.*, 507 U.S. 380, 395 (1993) accepted a more liberal interpretation of excusable neglect and did not limit it to situations beyond the control of the movant. The determination of whether the neglect is excusable is based on equity and the "relevant circumstances surrounding the party's omission." *Id.*

9) In deciding what neglect is excusable, the Supreme Court included the danger of prejudice to the parties, the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

10) The danger of prejudice to the non-moving party is minimized by the fact that the creditors in the debtor's bankruptcy will gain more by having the motion to vacate granted in addition to the motion to modify the plan. The motion to modify the plan proposes to increase the monthly payment to creditors. If debtor were not in bankruptcy, only one creditor would be able to garnish her wages at a time. Therefore, all creditors who filed claims are benefitting from debtor continuing to make payments. Additionally,

debtor would be harmed by not vacating the dismissal as she would lose the benefit of paying her creditors based on her disposable income.

11) The length of the delay caused by not filing the motion to modify plan until October 23, 2019, is minimal as it only delayed a hearing on the merits by three weeks. Additionally, as soon as counsel realized his mistake he moved as expeditiously as possible and secured recent income and expense information and filed the motion to modify plan to minimize any delay in judicial proceedings.

12) The debtor has acted in good faith by making a $400.00, payment in September 2019 and dutifully placing herself on payroll control. Moreover, debtor has provided the information immediately upon request.

WHEREFORE, the Debtor, **DILISHA WORMELY**, prays that this Honorable Court enter an Order Vacating the Dismissal of her Chapter 13 and for other such relief as the Court deems fair and proper.

Respectfully Submitted,

/s/ Michael R. Colter, II
Michael R. Colter, II, A.R.D.C. #6304675

David M. Siegel & Associates, LLC
790 Chaddick Drive
Wheeling, IL 60090
(847) 520-8100